IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARIS LIFE SCIENCES, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-2734-K |
| | § | |
| ERIC RIVERA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Application for Temporary Restraining Order Against Defendant and Brief in Support (Doc. No. 2). Because the Court finds that a forum-selection clause mandates that Plaintiff Caris Life Sciences, Ltd. ("Caris") bring this action in a *state* court of Dallas County, Texas, the Court **DISMISSES** this case without prejudice.

I.  Factual Background

Caris alleges that Defendant Eric Rivera ("Rivera") breached a Share Option Award Agreement ("Agreement"), which contained a noncompete provision, by terminating his employment with Caris and accepting employment at a competing business. Caris is a Cayman Islands corporation with its principal place of business in Irving, Texas. Rivera is a citizen of Arizona. Important to the Court's analysis in this order, Caris alleges in its Plaintiff's Original Verified Complaint (Doc. No. 1) that venue is proper in the United States District Court for the Northern District of Texas

1

"because the Agreement at issue in this lawsuit contains venue selection whereby the parties consented to venue being proper in Dallas, Texas." Caris does not allege any other basis for venue being in the United States District Court for the Northern District of Texas. The relevant portion of the Agreement reads as follows:

> 12.5. <u>Choice of Law and Venue</u>. This Agreement, including, but not limited to, its enforceability, interpretation and legal effect, shall be governed by and construed in accordance with the laws of the State of Delaware without giving effect to its conflict of law principles. . . . The courts of the State of Texas, Dallas County, Texas shall have exclusive jurisdiction with respect to any dispute or litigation arising under this Agreement.

**II.     Applicable Law and Analysis**

Federal law governs the enforceability of a forum-selection clause ("FSC"). *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 770 (5th Cir. 2016). An FSC is *prima facie* enforceable unless enforcement of the FSC would be unreasonable. *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995). None of the four bases for holding that an FSC is unreasonable are applicable in this case, especially in light of the fact that Caris bases venue for this case upon the FSC in the Agreement. *See Calix–Chacon v. Global Int'l Marine, Inc.*, 493 F.3d 507, 511 (5th Cir. 2007) (enumerating four bases that make an FCS unreasonable).

The issue of enforceability is, however, distinct from the issue of determining what substantive law should guide the Court's interpretation of an FSC. *Weber*, 811 F.3d at 770. Under Texas choice-of-law rules, a contract may set forth the law that will apply to the contract's interpretation. Restatement (Second) of Conflict of Laws § 187

2

(1971); *see also Weber*, 811 F.3d at 771 ("Texas follows Restatement (Second) of Conflict of Laws."). The governing law for the Agreement in this case is therefore Delaware law.

Under Delaware law, "[a] valid forum selection clause *must be enforced*." *Nat'l Indus. Grp. (Holding) v. Carlyle Inv. Mgmt. L.L.C.*, 67 A.3d 373, 381 (Del. 2013) (emphasis added). Delaware courts have read FSCs that provide that the courts *of a state* shall have *exclusive jurisdiction* to mean that the state courts, rather than the federal courts within that state, are the mandatory forums under the FSCs. *See id.* at 377, 385–86 (holding that a valid FSC which stated "[t]he courts of the State of Delaware shall have *exclusive jurisdiction*" entitled a party to enforce the FSC in Delaware's Court of Chancery rather than the courts of Kuwait); *HealthTrio, Inc. v. Margules*, C.A. No. 06C-04-196, 2007 WL 544156, at *2–*3 (Del. Super. Ct. Jan. 16, 2007) (holding that California state court was the appropriate forum when the FSC required litigation "in the court of the State of California, County of Los Angeles" and that "if there is a forum selection clause in a contract, even when venue where the suit is filed is proper, the court should decline to proceed when the parties freely agreed that litigation should be conducted in another forum"). Delaware's interpretation of the words "courts of a state" in an FSC is in line with Fifth Circuit law and general rules of contract interpretation. *See, e.g., Grand View PV Solar Two, LLC v. Helix Elec., Inc./Helix Elec. of Nev.*, 847 F.3d 255, 257–58 (5th Cir. 2017) (holding that FSC language stating that parties agreed to "the sole and exclusive jurisdiction of the courts of Harris County in

3

the State of Texas" barred removal to federal court and that the district court did not err in holding "that it had no jurisdiction"); *Weber*, 811 F.3d at 768 ("A mandatory FSC affirmatively requires that litigation arising from the contract be carried out in a given forum."); *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 448 n.12 (5th Cir. 2009) (citing Black's Law Dictionary in explaining that "[f]ederal district courts may be in Texas, but they are not of Texas" because "[f]ederal courts indisputably proceed from, and find their origin in, the federal government"); *Argyll Equities LLC v. Paolino*, 211 F. App'x 317, 318 (5th Cir. 2006) (holding that use of the words "exclusive jurisdiction" in an FSC "ma[de] venue mandatory").

As discussed above, the FSC in this case is enforceable. Further, this case is not "one of the rare cases" that would justify disregarding the FSC, especially, once again, because Caris couches its venue allegations in the FSC. *See Weber*, 811 F.3d at 775–76. Because Delaware substantive law requires that "[a] valid forum selection clause must be enforced," the Texas state courts for Dallas County have exclusive jurisdiction over this case. *Nat'l Indus. Grp. (Holding)*, 67 A.3d at 281; *see Weber*, 811 F.3d at 773 ("Because German substantive law applies, the FSC is mandatory . . . [U]nder German law, a clause reading as this one does confers [sic] exclusive and mandatory jurisdiction in the specified forum."); *Grand View PV Solar Two, LLC*, 847 F.3d at 257 ("The district court decided that it had no jurisdiction because defendants had granted 'sole and exclusive' jurisdiction to the state courts. Finding no error, we affirm."). "[F]ederal courts are under an independent obligation to examine their own jurisdiction."

*FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). The Court therefore dismisses this case without prejudice to refile in the "[t]he courts of the State of Texas, Dallas County, Texas."

**SO ORDERED.**

Signed October 16th, 2018.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE